LONG ISLAND LIGHTING COMPANY, Appellant, v. INCORPORATED VILLAGE OF NEW HYDE PARK, HERMAN H. BAER and Others, Respondents. (Action No. 2.) —Action to enjoin and restrain respondent village and its officers from submitting to a referendum of the voters of the village the question of whether a lighting system should be established and operated by said village. Order denying motion for an injunction *pendente lite* and order granting a motion to dismiss the complaint affirmed, with ten dollars costs and disbursements. The Village Law, section 241 *et seq.*, authorized a village to establish a lighting system or acquire an existing private system. This statutory authority is not new. The statutes set out two coexisting or independent sets of provisions under which such a project may be initiated; one contained in the General Municipal Law has for its general purpose its being carried out under the safeguards therein provided, in the event that the financing is to be had in the usual and ordinary way, to wit, by general bond issue or through the medium of the exercise of the power of taxation, or both. When

a project is initiated pursuant to those general provisions, the regulations therein control. However, there is a second body of statute law to which a village may have recourse by way of enabling itself to benefit from Federal enactments in respect of obtaining a grant and a form of Federal financing. When a project is initiated avowedly to obtain the benefits of such Federal financing, then the State statutes specifically directed to enabling the village to obtain such benefits are controlling with respect to procedure and action generally. Hence, a notice to the electorate in the case at bar, given in compliance with the latter body of statute law, where the project is avowedly a public works project to be financed as such, is sufficient and the provisions of article 14-A, General Municipal Law, providing for a different time of publication are inapplicable. This view made unnecessary the adoption of an ordinance. The resolution and notice were proper in form and presented but a single proposition in an intelligible form. (*Mead* v. *Turner*, 134 App. Div. 691.) The injunction was properly denied and the complaint properly dismissed by virtue of the provisions of chapter 782, Laws of 1933, and chapter 104, Laws of 1934, the propriety of which view is reinforced by the provisions of chapter 585, Laws of 1935. Young, Carswell, Davis, Adel and Taylor, JJ., concur.